# United States Court of Appeals
### For the Eighth Circuit
_____

No. 25-1734
_____

United States of America

*Plaintiff - Appellee*

v.

William Aloys Wameling, Jr., also known as William Aloys Wameling

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: May 11, 2026
Filed: July 15, 2026
[Published]
_____

Before L.R. SMITH, BENTON, and STRAS, Circuit Judges.
_____

PER CURIAM.

William Aloys Wameling Jr. pleaded guilty to possessing and distributing child pornography. The district court[1] sentenced Wameling to 300 months' imprisonment after applying a two-level enhancement for distributing child

_____

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

pornography. On appeal, Wameling argues that the district court's application of the two-level enhancement constitutes impermissible double counting. We disagree and affirm.

Wameling sent child pornography to an undercover law enforcement officer. When officers arrested Wameling, they found numerous child pornography images and videos on his cell phone. A grand jury returned a two-count indictment charging Wameling with distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4) and (b)(2). Wameling pleaded guilty to the indictment without a written plea agreement.

After Wameling pleaded guilty, the United States Probation Office prepared a presentence investigation report (PSR). Wameling's PSR calculated his base offense level at 22 pursuant to U.S.S.G. § 2G2.2(a)(2). Section 2G2.2(a)(2) sets the base offense level for his violations of 18 U.S.C. § 2252(a)(2). The PSR then added two offense levels because the material involved a minor under 12 years old; added two offense levels because Wameling knowingly engaged in the distribution of child pornography; added four offense levels because the offense involved depictions of violence or exploitation of an infant or toddler; added two offense levels because the offense involved the use of a computer; added five offense levels because the offense involved 600 or more images; and subtracted three offense levels because Wameling accepted responsibility. These adjustments resulted in a total offense level of 34. Based on a total offense level of 34 and a criminal history category of II, Wameling's advisory Guidelines range was 180 to 210 months' imprisonment. He was subject to a 15-year statutory minimum. Wameling did not object to the PSR's Guidelines calculations.

At sentencing, the district court adopted the PSR's calculations. After considering the U.S.S.G. § 3553(a) factors, the district court varied upward and sentenced Wameling to 300 months' imprisonment on the distribution count and 240 months' imprisonment on the possession count to run concurrently.

On appeal, Wameling argues that the district court engaged in impermissible double counting when it added two offense levels pursuant to U.S.S.G. § 2G2.2(b)(3)(F) for knowingly engaging in the distribution of child pornography. Wameling, however, never objected to the two-level increase in the district court. Consequently, we review for plain error. *United States v. Williams*, 899 F.3d 659, 666 (8th Cir. 2018). "To prevail under plain error review, [Wameling] must show (1) an error, (2) that was plain, and (3) affects substantial rights, and that (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Lewis*, 673 F.3d 758, 761–62 (8th Cir. 2011) (citation modified).

"Impermissible double counting occurs when *precisely the same aspect of a defendant's conduct* factors into his sentence in two separate ways." *United States v. Johnson*, 860 F.3d 1133, 1146 (8th Cir. 2017) (quoting *United States v. Strong*, 826 F.3d 1109, 1116 (8th Cir. 2016)). "[D]ouble counting is permissible if the Sentencing Commission so intended and each guideline section furthers an independent purpose of sentencing." *United States v. Chapman*, 614 F.3d 810, 812 (8th Cir. 2010). Wameling argues that his criminal conduct—knowingly distributing child pornography—was impermissibly factored into his base offense level and the two-level increase to his offense level. He is wrong.

Wameling's base offense level of 22 was calculated pursuant to U.S.S.G. § 2G2.2(a)(2), which sets the base offense level for violations of 18 U.S.C. § 2252(a)(2). But 18 U.S.C. § 2252(a)(2) criminalizes a range of conduct, including receiving, distributing, and reproducing child pornography. Thus, when Wameling's offense level was calculated, the fact that he distributed—rather than received or reproduced—the child pornography was not factored into his offense level. It was not until the district court added two offense levels pursuant to U.S.S.G. § 2G2.2(b)(3)(F) that his specific conduct of distribution was factored into his offense level. This does not constitute double counting. Other circuits have reached the same conclusion. *See, e.g.*, *United States v. Cubero*, 754 F.3d 888, 894 (11th Cir. 2014) ("[I]t is readily apparent that the base offense level in U.S.S.G. § 2G2.2(a)(2)

-3-

covers multiple possible violations of 18 U.S.C. § 2252(a)(2): knowing distribution, knowing receipt, and/or knowing reproduction of child pornography. And, when a defendant performs the first type of unlawful § 2252(a)(2) conduct (i.e., knowingly *distributing* child pornography), the Sentencing Commission found it appropriate to add two offense levels to the base offense level."); *United States v. Davis*, 659 F. App'x 864, 866 (6th Cir. 2016) (unpublished) ("Put another way, § 2G2.2 and the associated base offense level do not account completely for the harm of distribution because distribution is not required for every conviction under 18 U.S.C. § 2252(a)(2)."); *United States v. Reingold*, 731 F.3d 204, 228 (2d Cir. 2013) ("This structure cannot be understood to address the harm associated with the distribution of child pornography in a base offense level of 22 that applies equally to a variety of offenses, some involving distribution and others not. Rather, § 2G2.2 is structured so that the range of harms associated with distribution can be addressed through various enhancements.").

Because the district court did not engage in impermissible double counting, it did not err, plain or otherwise. Accordingly, we affirm the judgment of the district court.

_____